Chief Justice Robertson,
deliverer» the opinion of the Court.
This is an action of replevin, which was once before in this court, and was remanded to the circuit court for further proceedings. (See IY. J. J. Marshall 354) On the return of the case to the circuit court, the defendant in error, amended his cognisance by averring that T. B. Dilh n the defendant in the execution, was,when it was levied, in the possession of the male slave, holding him on hire .for a term that had not then expired ; and was, and had been, for more than five years, in the possession of the female slave, claiming her as his own. A demurrer to the cognisance having been overruled, and the plaintiff having failed to reply, a judgment of retorno habendo was rendered.
The only question now presented is, whether or not the facts averred in the cognisance, are sufficient *11 to shew that the plaintiff had no right to mantain an action of replevin?
To maintain repievi,,. nlt’f must have h.a!l possos-• p,°o!,ei° v or the right to tho possession nn(j the taking moat have been ile§a ‘
Replevin will ”°nfflprof°<nty held adverse-y to plaintiff,
Sanders for appellant.
As to the male slave, if T. B. Dillon held him by a contract ot hire, and the term had not expired, the pi ant iff had no right to his action of replevin— 1st. Because, if the plantiff was the bailor, as he had not a right to immediate restitution, replevin in his name would not lie. 2d. If the slave had' been hired of another person, not holding under the plaintiff, T. B Dillon must have held him adversely the plaintiff; and therefore this action is not maintaiiiable. It is not material whether the slave was subject to the execution or not; because, even if he wf,re not subject, the plaintiff cannot mantain réplevui for him, unless he was in possession, or had a right to the possession of him at the date of the caption; for in order to mantain replevin, the tar king must he illegal, and the party complaining, must, at that time, have been entitled to the immediate possession. 1- Chitty Pleading, on 159.
As to the female slave, allhough the averments in the cognizance, may not shew necessarily, that she was subject to execution, they show that the plaintiff cannot maintain the action ; because if, as alledged, T B. Dillon was in the possession of her, claiming her as his own, that possession must he deemed adverse to the claim of the plaintiff; and therefore, he cannot mantain the action of replevin in his own name.
If the plaintiff be entitled to the slaves, or either of them, he might, if he shall have been injured by the levy or sale, obtain reparation in an appropriate action. Yet replevin is not that action, if the facts averred be true.
Wherefore the judgment is affirmed.